**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Therran Rasheed Smalls, | C/A: 2:24-cv-1713-RMG |
| Plaintiff, | |
| v. | |
| North Charleston Police Department, *et al.*, | **ORDER** |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 7) of the Magistrate Judge recommending that the Court dismiss Plaintiff's claims against Defendant North Charleston Police Department without leave to amend. Plaintiff brought this action *pro se*. This R & R does not address the claims against Defendants Adams, Jellico and Henegan. The parties were advised that they could file objections to the R & R within 14 days of the issuance of the R & R and a failure to do so would limit any review by the district court to clear error review and the waiver of the right to appeal the decision of the District Court. (*Id*. at 6). No party filed objections to the R & R. As set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiffs' claims against Defendant North Charleston Police Department.

**I.     Legal Standards**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs filed objections to the R&R, the R&R is reviewed de novo.

## II. Discussion

After a review of the R&R and relevant portions of the record, the Court finds that the Magistrate Judge correctly concluded that the claim brought against Defendant North Charleston Police Department should be dismissed without leave to amend because this party is not a proper defendant under 42 U.S.C. § 1983. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 7) as the Order of the Court and dismisses the North Charleston Police Department as a party to this action. The claims pending against the remaining defendants are not affected by this Order.

**AND IT IS SO ORDERED.**

                                                  s/ Richard Mark Gergel
                                                  United States District Judge

May 31, 2024
Charleston, South Carolina